# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANN VICTORIA ELLEFSON, | |
| Plaintiff, | No. C06-0118-LRR |
| | No. CR03-0037-LRR |
| vs. | |
| UNITED STATES OF AMERICA, | ORDER |
| Defendant. | |

This matter comes before the court on Ann Victoria Ellefson's motion to vacate, set aside or correct sentence (Docket No. 1). Ann Victoria Ellefson ("the movant") filed her motion pursuant to 28 U.S.C. § 2255.[1] Also before the court is the movant's application for appointment of counsel.

## I. BACKGROUND

On May 8, 2003, the grand jury returned, and the government filed, an indictment against the movant. On July 18, 2003, the government filed an information pursuant to 21 U.S.C. § 851. On July 21, 2003, the movant's jury trial commenced. On July 22, 2003, the jury found the movant guilty of count one, count two and count three of the indictment.[2] On January 27, 2004, the court sentenced the movant to 188 months

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] The conduct charged in count one of the indictment is in violation of 21 U.S.C.
(continued…)

imprisonment (188 months for count one and count two, 24 months for count three) and 3 years supervised release (3 years for count one and count two, 1 year for count three). On January 28, 2004, judgment entered against the movant. On February 3, 2004, the movant filed a notice of appeal. On appeal, the movant argued that there was insufficient evidence to support the jury verdicts regarding count one and count two of the indictment. She also appealed her sentence. Specifically, the movant argued that the lack of a "mitigating-role cap" in U.S.S.G. § 2D1.11 violated her rights to due process and equal protection and that she should be resentenced under the advisory guidelines. On August 23, 2005, the Eighth Circuit Court of Appeals affirmed the movant's conviction and resulting sentence. *See generally United States v. Ellefson*, 419 F.3d 859 (8th Cir. 2005).

On August 14, 2006, the movant filed the instant motion and an application for appointment of counsel. In her 28 U.S.C. § 2255 motion, the movant challenges her conviction and resulting sentence based on three grounds. Specifically, the movant claims: (1) trial counsel provided ineffective assistance because he failed to file a motion for new trial; (2) trial counsel provided ineffective assistance because he failed to preserve the issue of the constitutionality of the federal sentencing guidelines; and (3) trial counsel provided ineffective assistance because he advised her to give a proffer statement after her conviction that could be used against her at sentencing.

The court now turns to consider the movant's 28 U.S.C. § 2255 motion and application for appointment of counsel.

---

[2](…continued)
§ 841(c)(2) and 18 U.S.C. § 2. The conduct charged in count two of the indictment is in violation of 21 U.S.C. § 841(a), 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2. The conduct charged in count three of the indictment is in violation of 21 U.S.C. § 844(a).

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[3]

### B. *Standards Applicable to Ineffective Assistance of Counsel Claims*

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v.*

---

[3] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

*Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the

5

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

### C. The Movant's Claims

In her second claim, the movant essentially argues that counsel provided ineffective assistance because he failed to predict the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) or *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). She, in relevant part, states:

> At the time of [my] sentencing, the Supreme Court had decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), but had not yet decided *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). *Apprendi* signaled the unconstitutionality of the Federal Sentencing Guidelines. [Trial counsel] made no challenge to the

6

> constitutionality of the Sentencing Guidelines based on *Apprendi*.
>
> During the course of [my] appeal, the decisions in both *Blakely* and *Booker* were issued. But because the constitutionality of the Guidelines had not been presented to the district court, the Court of Appeals reviewed [my] sentence for clear error. *United States v. Ellefson*, 419 F.3d 859 (8th Cir. 2005). If the issue had been raised in the district court, [my] sentence would have been automatically remanded to the district court.

The movant has neither overcome the strong presumption that the conduct of trial counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, nor shown that any deficiencies in trial counsel's performance prejudiced her defense, *id*. at 692-94. If counsel had raised a claim based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), it would have failed. Given such conclusion, the court does not find that the movant is entitled to relief based on *Strickland*. Stated differently, the court concludes counsel's failure to submit futile issues or claims does not constitute ineffective assistance. *Cf. Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (concluding that counsel's decision not to raise issue unsupported by then-existing precedent did not constitute ineffective assistance). Thus, this claim shall be dismissed.

Moreover, the Eighth Circuit Court of Appeals subsequently affirmed the sentence imposed by this court and addressed the movant's *Booker* concerns. Consequently, the court is unable to relitigate this issue. *See United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." (citing *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000)); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (concluding claims already addressed on direct appeal could not be raised); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding movant "cannot raise the same issues [. . .] that have been decided on direct appeal or in a new trial motion");

*United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated . . . ."); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding movant is not entitled to another review of his question). Because the Eighth Circuit Court of Appeals already addressed on direct appeal the movant's claim regarding the effect of *Booker* error on her sentence, the instant claim shall be dismissed.

With respect to the remaining claims,[4] the United States Attorney and the movant shall respond in the following manner:

> 1. The United States Attorney for the Northern District of Iowa shall move or plead to the movant's remaining claims by November 14, 2006.
>
> 2. The movant shall reply to the government's response, if she so chooses, by December 14, 2006.

### D. *The Movant's Application for Appointment of Counsel*

Given the claims presented by the movant, the court does not believe the appointment of counsel is warranted. *See Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (setting forth factors to be considered for appointment of counsel in civil case); *see also Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment

---

[4] The court notes the movant's claims appear to be frivolous or wholly without merit. With regard to the movant's first claim, the Eighth Circuit Court of Appeals thoroughly reviewed the sufficiency of the evidence used to convict her. In light of such review, the court believes it is unlikely that counsel provided ineffective assistance when he failed to file a motion for new trial based on Federal Rule of Criminal Procedure 33. *See e.g., United States v. Howard*, 413 F.3d 861, 863-65 (8th Cir. 2005) (reviewing motion for judgment of acquittal and new trial). Similarly, concerning the third claim, it is likely that the proffer contained specific terms which prevent the movant from succeeding or obtaining relief.

does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Accordingly, the movant's application for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED**:

1) The movant's second claim is dismissed.
2) The United States Attorney and the movant are directed to respond in the following manner:

> 1. The United States Attorney for the Northern District of Iowa shall move or plead to the movant's remaining claims by November 14, 2006.
>
> 2. The movant shall reply to the government's response, if he so chooses, by December 14, 2006.

3) The movant's application for appointment of counsel is denied.

**DATED** this 13th day of September, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA